Case 1:07-cr-20201-FAM   Document 8   Entered on FLSD Docket 03/27/2007   Page 1 of 11

FILED by CF D.C.
ELECTRONIC
MAR 27, 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**07-20201-CR-MORENO/SIMONTON**
CASE NO._____

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 844(a)
21 U.S.C. § 853

UNITED STATES OF AMERICA

vs.

ZACHARY TAYLOR,
BEATRIZ MACHADO and
DONALD MOON,

  **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

From at least as early as in or about December, 2006, and continuing through on or about March 2, 2007, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ZACHARY TAYLOR
and
DONALD MOON,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(viii), it is further alleged that this violation involved fifty (50) grams or more of methamphetamine.

## COUNT 2

On or about December 15, 2006, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ZACHARY TAYLOR,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(D), it is further alleged that this violation involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule III controlled substance.

## COUNT 3

On or about February 27, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ZACHARY TAYLOR
and
BEATRIZ MACHADO,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(viii), it is further alleged that this violation involved fifty (50) grams or more of methamphetamine.

2

## COUNT 4

On or about February 27, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ZACHARY TAYLOR
and
BEATRIZ MACHADO,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(D), it is further alleged that this violation involved a mixture and substance containing a detectable amount of marijuana.

## COUNT 5

On or about February 27, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ZACHARY TAYLOR
and
BEATRIZ MACHADO,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(D), it is further alleged that this violation involved a mixture and substance containing a detectable amount of ketamine, a Schedule III controlled substance.

## COUNT 6

On or about February 28, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant,

**BEATRIZ MACHADO,**

did knowingly and intentionally possess a controlled substance, in violation of Title 21, United States Code, Section 844(a).

It is further alleged that this violation involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule III controlled substance.

## COUNT 7

On or about March 2, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ZACHARY TAYLOR,
BEATRIZ MACHADO
and
DONALD MOON,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(D), it is further alleged that this violation involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule III controlled substance.

## FORFEITURE

1. The allegations of Counts 1 through 7 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of

America of property in which the defendants have an interest, pursuant to the provisions of Title 21, United States Code, Section 853.

2. Upon conviction of any of the violations alleged in Counts 1 through 7, the defendants shall forfeit to the United States any property constituting or derived from any proceeds which the defendants obtained, directly or indirectly, as the result of such violations, and any property which the defendants used or intended to be used in any manner or part to commit or to facilitate the commission of such violations.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
SEAN PAUL CRONIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

ZACHARY TAYLOR,
BEATRIZ MACHADO and
DONALD MOON,

          Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

New Defendant(s)   Yes ____  No ____
Number of New Defendants ____
Total number of counts ____

**Court Division:** (Select One)

| | | |
|---|---|---|
| _X_ Miami | ___ Key West | |
| ___ FTL | ___ WPB | ___ FTP |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) _No_
   List language and/or dialect _____

4. This case will take _5_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)    (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | _X_ | Petty | ___ |
   | II | 6 to 10 days | ___ | Minor | ___ |
   | III | 11 to 20 days | ___ | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | Felony | _X_ |
   | V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) _Yes_
   If yes:
   Magistrate Case No. 07-2262-WCT
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of 3/13/07 - Taylor
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No
   If yes, was it pending in the Central Region? ___ Yes ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? ___ Yes _X_ No

                                        _____
                                        SEAN PAUL CRONIN
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Court No. A5500940

*Penalty Sheet(s) attached                                                                      REV.1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ZACHARY TAYLOR       Case No:_____

Count #: 1

Conspiracy to possess with intent to distribute methamphetamine.

Title 21, United States Code, Section 846

* Max. Penalty:   Life Imprisonment

Count #: 2

Possession with intent to distribute methamphetamine.

Title 21, United States Code, Section 841(a)(1)

*Max. Penalty:   Five Years' Imprisonment

Count #: 3

Possession with intent to distribute methamphetamine.

Title 21, United States Code, Section 841(a)(1)

*Max. Penalty:   Life Imprisonment

Count #: 4

Possession with intent to distribute marijuana.

Title 21, United States Code, Section 841(a)(1)

*Max. Penalty:   Five Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ZACHARY TAYLOR          **Case No:** _____

Count #: 5

Possession with intent to distribute ketamine.

Title 21, United States Code, Section 841(a)(1)

**\* Max. Penalty:**   Five Years' Imprisonment

Count #: 7

Possession with intent to distribute methamphetamine.

Title 21, United States Code, Section 841(a)(1)

**\* Max. Penalty:**   Five Years' Imprisonment

Count #:

_____

**\*Max. Penalty:**

Count #:

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>BEATRIZ MACHADO</u>          Case No:_____

Count #: 3

<u>Possession with intent to distribute methamphetamine.</u>

<u>Title 21, United States Code, Section 841(a)(1)</u>

**\*Max. Penalty:**     <u>Life Imprisonment</u>

Count #: 4

<u>Possession with intent to distribute marijuana.</u>

<u>Title 21, United States Code, Section 841(a)(1)</u>

**\*Max. Penalty:**     <u>Five Years' Imprisonment</u>

Count #: 5

<u>Possession with intent to distribute ketamine.</u>

<u>Title 21, United States Code, Section 841(a)(1)</u>

**\* Max. Penalty**:     <u>Five Year's Imprisonment</u>

Count #: 6

<u>Possession of methamphetamine.</u>

<u>Title 21, United States Code, Section 844(a)</u>

**\* Max. Penalty:**     <u>One Year Imprisonment</u>

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **BEATRIZ MACHADO**        Case No:_____

Count #: 7

Possession with intent to distribute methamphetamine.

Title 21, United States Code, Section 841(a)(1)

*Max. Penalty:    Five Year's Imprisonment

Count #:




*Max. Penalty:

Count #:




*Max. Penalty:

Count #:




*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **DONALD MOON**          **Case No:**_____

Count #: 1

Conspiracy to possess with intent to distribute methamphetamine.

Title 21, United States Code, Section 846

* **Max. Penalty:**     Life Imprisonment

Count #: 7

Possession with intent to distribute methamphetamine.

Title 21, United States Code, Section 841(a)(1)

*__Max. Penalty:__     Ten Years' Imprisonment

Count #:


*__Max. Penalty:__

Count #:


* **Max. Penalty:**

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.